# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| C. PAUL STANLEY, ADMINISTRATOR, ETC., | ) )  ) Case No. 1:10CV00010 |
| Plaintiff, | ) ) |
| | ) **OPINION AND ORDER** |
| v. | ) ) By: James P. Jones |
| STAR TRANSPORT, INC., ET AL., | ) Chief United States District Judge ) |
| Defendants. | ) |

*Michael W. Slocumb, Slocumb Law Firm, LLC, Washington, D.C., and Thomas M. Jackson, Jr., Hillsville, Virginia, for Plaintiff; Justin W. Ward, Sands Anderson PC, Richmond, Virginia, for Defendants.*

In this wrongful death action arising out of a motor vehicle accident, the defendants move to dismiss certain of the claims on the ground that the Complaint fails to adequately set forth facts, and only recites "mere conclusory statements," in disregard of the Supreme Court's holding in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The plaintiff's decedents, William Edward Smith, senior and junior, father and son, were tragically killed on February 5, 2010, when the vehicle in which they were passengers was stopped on the shoulder of Interstate Highway 81 in this judicial

district and a following tractor trailer owned by the defendant Star Transport, Inc., and operated by codefendant Ezzell Furgerson, ran into them.[1]

These facts are clearly alleged in the Complaint and the defendants concede that they adequately state a cause of action for simple negligence. However, the plaintiff also asserts claims for reckless and wanton acts (Count Two), negligent and wanton entrustment (Count Three), negligent and wanton hiring, training, retention, and supervision (Count Four), and punitive damages, for which no specific supporting facts are alleged, other than a "'formulaic recitation of the elements'" of the claims. *Iqbal*, 129 S. Ct. at 1951 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[2]

---

[1] This court has subject-matter jurisdiction based on diversity of citizenship and amount in controversy. 28 U.S.C.A. § 1332(a) (West 2006).

[2] For example, in Count Three, the Complaint alleges that the defendant Star Transport "negligently, reckless [sic] and wantonly entrusted said tractor trailer to the [codefendant driver] [and] that the said [driver] was unsuitable, based upon his habitual carelessness and disposition and temperament . . . ." (Compl. ¶ 28.) This is simply a "[t]hreadbare recital[] of the elements of a cause of action," without any facts that would allow the court to determine whether the claim is plausible. *Iqbal*, 129 S. Ct. at 1949; *see Twombly*, 550 U.S. at 570.

The plaintiff argues that his Complaint is in the traditional form for a motor vehicle lawsuit and he should not be required to be more factually specific at this stage, before discovery.[3]

While we may debate the wisdom of the *Iqbal* holdings, I am bound by them. The Supreme Court has not yet excluded complaints asserting state law tort claims from the reach of its ruling and I am not authorized to do so. *See Branham v. Dolgencorp, Inc.*, No. 6:09-CV-00037, 2009 WL 2604447, at *1 (W.D. Va. Aug. 24, 2009) (Moon, J.) (applying *Iqbal* to slip-and-fall case).

Accordingly, I will grant the Motions to Dismiss (DE 9, 10) as to Counts Two, Three, Four, and any claim for punitive damages. The present Complaint will be deemed not to include those counts or any claim for punitive damages and no further answer is required by the defendants. The plaintiff is granted leave to file an amended complaint, provided the amended complaint is filed within sufficient time so as not to prejudice the defendants in their defense of the case.

---

[3] The plaintiff also argues that the defendants have waived their Motions to Dismiss because they filed them electronically immediately following the filing of their Answers. *See* Fed. R. Civ. P. 12(b) (providing that a motion asserting, among others, a defense of failure to state a claim upon which relief can be granted "must be made before pleading"). However, under Rule 12(h), a motion based on failure to state a claim is preserved even if not filed before an answer. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1361 (3d ed. 2004).

It is so **ORDERED**.

                                        ENTER: May 22, 2010

                                        /s/ JAMES P. JONES
                                        Chief United States District Judge