# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| C. PAUL STANLEY, ADMINISTRATOR, ETC., | ) ) ) |
| Plaintiff, | ) Case No. 1:10CV00010 ) |
| v. | ) **OPINION AND ORDER** ) ) By: James P. Jones |
| STAR TRANSPORT, INC., ET AL., | ) United States District Judge ) |
| Defendants. | ) |

*Michael W. Slocumb, Slocumb Law Firm, LLC, Auburn, Alabama, and Thomas M. Jackson, Jr., Hillsville, Virginia, for Plaintiff; Justin W. Ward, Sands Anderson PC, Richmond, Virginia, for Defendants.*

In this wrongful death action based on Virginia substantive law, the defendants have moved to dismiss certain of the claims made in the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated, I will grant one of the motions in part, but otherwise deny them.[1]

---

[1] I previously considered and granted Rule 12(b)(6) motions to dismiss portions of the initial Complaint, but allowed the plaintiff to amend. *Stanley v. Star Transp., Inc.*, No. 1:10CV00010, 2010 WL 2079731, at *1 (W.D. Va. May 22, 2010). The present motions have been fully briefed. The plaintiff filed a brief in response to the defendants' reply briefs, but I have not considered it because the plaintiff did not obtain leave of court to submit such an additional brief. *See* W.D. Va. Civ. R. 11(c)(1).

I

According to the Amended Complaint, the present cause of action arose when a tractor trailer operated by defendant Ezzell Furgerson for his employer, defendant Star Transport, Inc., struck the plaintiff's decedents, who were in a vehicle stopped on the shoulder of an interstate highway during a heavy snow storm. The Amended Complaint seeks punitive damages against both defendants on the ground that Furgerson, a professional truck driver, acted wantonly by driving in a sleep-deprived condition at night over a snow- and ice-covered road at an excessive rate of speed, without a functioning collision avoidance system, thus causing the accident.

The defendants contend that the allegations of the Amended Complaint are insufficient to justify the request for punitive damages. I disagree. While the plaintiff may not ultimately have adequate proof of such damages, I find that the allegations of the Amended Complaint are sufficient to defeat a motion to dismiss. *See Alfonso v. Robinson*, 514 S.E.2d 615, 619 (Va. 1999).

II

The defendant Star Transport also moves to dismiss that portion of Count IV of the Amended Complaint which is based on allegations of negligent hiring.[2] I agree with the defendant that this count fails to state such a claim.

The extent of the allegations related to the negligent hiring of Furgerson by Star Transport are that

> (a) Defendant Furgerson had been fired from his previous employ with CSX Transportation due to a violation of a company safety policy;
>
> (b) Defendant Ferguson had no experience operating a Class A commercial motor vehicle such as the type he would be operating on behalf of Star;
>
> (c) Defendant Furgerson's driver's licence had been suspended by more than thirty (30) days;
>
> (d) Defendant Ferguson had been convicted of speeding in excess of 15 mph over the posted speed limit.

(Am. Compl. ¶ 60.) It is also alleged that "Defendant Star has admitted that it should not have hired Defendant Furgerson." (*Id.* at ¶ 59.)

I agree with the defendant that these allegations are insufficiently precise to raise a plausible claim of negligent hiring. Even if the allegations are true, there is

---

[2] Count IV also alleges that Star Transport negligently retained Furgerson, but Star Transport does not contest the sufficiency of those allegations.

no indication from them that a prudent hiring employer would have reasonably anticipated that Ferguson would have conducted himself in the manner alleged in this case. *See Interim Pers. of Cent. Va., Inc. v. Messer*, 559 S.E.2d 704, 708 (Va. 2002). Perhaps Furgerson was fired by a previous employer for unsafe loading of his truck; or that his license had been suspended at some time in the past for reasons unrelated to his driving; or that he had been convicted of speeding while driving his personal car; or that Star Transport wished it not hired him because he took excessive time off. None of these reasons would have sufficient causal connection to support a claim of negligent hiring in this case and it would be pure speculation that the allegations as made would do so. *See Jones v. C.H. Robinson Worldwide, Inc.*, 558 F. Supp. 2d 630, 648 (W.D. Va. 2008).

III

For the reasons stated, it is **ORDERED** as follows:

1. The Motion to Dismiss by Ezzell Furgerson (ECF No. 32) is DENIED;

2. The Motion to Dismiss by Star Transport, Inc. (ECF No. 34) is GRANTED IN PART AND DENIED IN PART;

3. The negligent hiring claim asserted in Count IV of the Amended Complaint is DISMISSED; and

4. The Motion to Dismiss by Star Transport, Inc. is otherwise DENIED.

ENTER: September 1, 2010

/s/ JAMES P. JONES
United States District Judge